596 P.2d 734

**The STATE of Arizona, Appellee,**

v.

**Frederico MARTINEZ, Appellant.**

**No. 2 CA–CR 1698.**

Court of Appeals of Arizona, Division 2.

June 5, 1979.

---

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender, by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was convicted of two counts of aggravated assault on a police officer and one count of obstructing justice. He argues his conviction should be reversed because the trial court erred in refusing instructions relating to his right to defend himself against the use of unreasonable force by an arresting officer. He also contends he is entitled to reversal because his arrest was unlawful, it was error not to instruct the jury that an individual may resist an unlawful arrest, he should have been permitted to examine the jury panel during voir dire on prior convictions, the statutes under which he was prosecuted are void, and he was denied the opportunity to make a proper record.

Appellant testified he was sitting on a park bench in the early morning hours of July 27, 1978, when he was blinded by a light shining in his eyes. He got up and started walking toward his home. "And this officer, I think he was, I didn't think he was an officer then, you know, was after me, behind me with a stick." The evidence is undisputed that at that point the officer had no reason to suspect appellant of any illegal activity. Appellant arrived at his front door, knocked, and called to his brother to let him in. By this time he realized the man following him was a police officer.

Appellant described what happened next: "And this officer comes up to me and say what you doing, what's my name, you know. And I tell him what's your name, what is this. I had door open and he yanked my hand." When another officer arrived the first officer "gets me again. I pull back. I pull back. Hey, I'm going home, this is my home. Please leave me alone, what you doing."

Asked by his counsel if he had pushed the officer, appellant answered, "I didn't really push him, just trying to get away from him." One officer applied a headlock and the other officer helped hold him. Appellant managed to break away but tripped and fell. He testified he then was hit with a stick, and the officer "come with his bat and put it across my neck, he was choking me." He tried to break away but tripped again. "The same officer hit me back here again. On the head, and I was on the ground."

The following instructions were requested by appellant and refused:

No unnecessary or unreasonable force shall be used in making an arrest, and the person arrested shall not be subject to any greater restraint than is necessary for his detention.

.    .    .    .    .

Defendant has offered evidence that he acted in self-defense. Self-defense requires you to find the defendant not guilty if the following three conditions are met:

(1) The defendant *reasonably* believed that he was in immediate physical danger; *and*

(2) The defendant acted solely because of this belief; *and*

(3) The defendant used no more force than appeared reasonably necessary under the circumstances.

Self-defense justifies the use of force only while the apparent danger continues. The right to use force in self-defense ends when the apparent danger ends.

Actual danger is not necessary to justify the use of force in self-defense. It is enough if the defendant reasonably believed he was in physical danger.

The trial court refused the instructions as unsupported by any evidence that the officers used excessive force entitling appellant to an instruction on self-defense. We do not agree.

▪ Where a defense theory is reasonably supported by the evidence it is reversible error not to give it. *State v. Govorko*, 23 Ariz.App. 380, 533 P.2d 688 (1975). And where there is the slightest evidence of self-defense and hence justification for an assault, the issue must be submitted to the jury. *State v. Johnson*, 108 Ariz. 42, 492 P.2d 703 (1972).

▪ Although the testimony was in conflict, appellant testified that he tried to escape from the officers whenever he had the chance and "was just trying to get them to leave me alone." He also testified that the officers hit him several times with a stick and held him in a headlock while they dragged him toward the police car. He does not deny that he struggled with the officers. Nevertheless,

A.R.S. § 13–1401(B) provides:

No unnecessary or unreasonable force shall be used in making an arrest, and the person arrested shall not be subjected to any greater restraint than necessary for his detention.

A.R.S. § 13–246 provides in part:

A. Violence used to the person does not amount to assault or battery in the following cases:

\*    \*    \*    \*    \*    \*

6. In self-defense, or defense of another against unlawful violence to his person or property.

Contrary to the trial court's finding, there is evidence to support appellant's contention that the officers used unnecessary force in arresting him and, further, that he reasonably believed he was in physical danger, acted solely out of that belief, and used no more force than necessary to defend himself. We disagree with the state that the instructions are precluded by *State v. Hatton*, 116 Ariz. 142, 568 P.2d 1040 (1977), in which the court approved a trend away from the right to resist an unlawful arrest. The policy reasons for prohibiting suspects from determining on the streets whether an arrest complies with due process do not justify the abrogation of the right of self-defense against bodily harm from the use of excessive force by a policeman, even during an arrest.

In the voir dire examination of the jury, the trial court refused to question the panel on the possible effect of prior conviction testimony. The extent of voir dire examination is left to the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Smith*, 114 Ariz. 415, 561 P.2d 739 (1977). Inasmuch as the record does not show that when appellant requested the court to ask the questions he had a present intention of becoming a witness, we find no abuse. *See State v. Manley*, 54 N.J. 259, 255 A.2d 193 (1969).

Appellant's attack on the constitutionality of A.R.S. § 13–541, the obstruction of justice statute, and A.R.S. § 13–245(A)(7), which elevates an assault on a police officer to aggravated assault, is based on alleged uncertainty as to the right to resist an unlawful arrest. Because the events following appellant's initial contact with the police gave rise to probable cause for a lawful arrest, *State v. Gunter*, 100 Ariz. 356, 414 P.2d 734 (1966), we need not address that argument.

Our disposition also makes it unnecessary to consider whether appellant was precluded from preserving his objections for appellate review.

The judgments and sentences are vacated and the case remanded for a new trial.

HOWARD and HATHAWAY, JJ., concur.