609 P.2d 64

**STATE of Arizona, Appellee,**

v.

**Ralph Tauarr ELLERSON, Appellant.**

**No. 4839–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 27, 1980.

Rehearing Denied April 2, 1980.

**250**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by P. Donovan Riddle and Barry J. Baker-Sipe, Deputy Public Defenders, Tucson, for appellant.

CAMERON, Justice.

This is an appeal from a jury verdict and judgment of guilt to the charge of unlawful possession of a narcotic drug, heroin, A.R.S. § 36–1002, as amended, and A.R.S. § 36–1002.10.[1] The Court of Appeals affirmed the judgment and verdict, and we granted review because of what we believed to be a misstatement of the law by the Court of Appeals.

We must determine four matters on appeal:

1. Did the defendant, by admitting the prior conviction upon direct examination, waive the right to contest on appeal the court's ruling denying his pretrial motion in limine as to the prior conviction?

2. Did the trial court err in not finding that the probative value of the prior conviction outweighed its prejudicial effect?

3. Does sentencing in absentia under Rule 26.9, Arizona Rules of Criminal Procedure, 17 A.R.S., violate due process?

4. Was defendant's sentence excessive?

The facts necessary for a determination of this matter on appeal are as follows. Defendant was charged with possession of a narcotic drug with a prior felony conviction. Defendant was previously convicted of burglary in 1968, possession of unregistered firearms in 1972, and petty theft in 1972. Before trial, the defendant made a motion in limine to exclude evidence of the three prior convictions. The court granted the motion in limine as to the convictions for possession of unregistered firearms and petty theft, but did not grant the motion for the burglary conviction. At trial, the defendant took the stand and "drew the

---

1. Citations are to Arizona statutes on controlled substances as they existed prior to revisions effective 1 October 1978 and 1 July 1980.

sting" by admitting on direct examination the prior burglary conviction. From a jury verdict and judgment of guilt and a sentence of not less than ten nor more than twelve years in the custody of the State Department of Corrections, defendant appeals.

## WAIVER OF THE RIGHT TO CONTEST ON APPEAL

The State contended, and the Court of Appeals agreed, that because the defendant testified on direct examination that he had previously been convicted of burglary, he had waived the right to question the court's ruling on the motion in limine. We do not agree.

Generally, a motion in limine, made prior to trial, is sufficient to preserve the question of admissibility on appeal. *State v. Briggs*, 112 Ariz. 379, 542 P.2d 804 (1975); *State v. Reid*, 114 Ariz. 16, 559 P.2d 136 (1976), cert. denied, 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977). In the instant case, the defendant attempted to preclude the admission of evidence of a prior conviction by a timely motion in limine, which was denied. The defendant's attorney then attempted to minimize the prejudicial effect of the prior burglary conviction by asking the defendant, on direct examination, if he had been previously convicted of a felony. We do not agree with the Court of Appeals that the defendant was required to wait for the State to elicit this information on cross examination. The defendant, having lost his motion, was entitled to adjust his strategy to meet the question he could reasonably expect to be asked. By doing so, he did not waive the right to raise on appeal the alleged erroneous ruling of the trial court. In a case wherein the defendant, after an adverse ruling on his motion to exclude impeachment by prior convictions, elected not to testify, the United States Court of Appeals for the Ninth Circuit stated:

"It pushes the doctrine of waiver beyond its usual criminal-law application to say that a defendant responding to an erroneous ruling by the trial court by remaining silent has waived his right to testify. And waiver becomes even less convincing if we say that by remaining silent under the constraint of an erroneous ruling on a point of law the defendant has waived his right to challenge that ruling on appeal." *United States v. Cook*, 608 F.2d 1175. 1184 (9th Cir. 1979).

We agree with the Ninth Circuit that a party should not necessarily lose his right to appeal a ruling because he alters his strategy in response to a trial court's finding against him. We hold that the defendant may raise on appeal the ruling of the trial judge denying defendant's motion to exclude evidence of the prior conviction for burglary.

## PRIOR CONVICTION

Having determined that the defendant did not waive his right to appeal the ruling upon the motion in limine, we must now consider whether the court properly denied the motion insofar as the prior burglary conviction was concerned. Defendant makes two arguments regarding the denial of the motion: (a) that the offense was more than ten years old as provided by Rule 609(b) of the Arizona Rules of Evidence, 17A A.R.S., and (b) that the trial court failed to make a finding that the probative value of the prior conviction outweighed its prejudicial impact.

a. *Was the conviction ten years old?*

Rule 609(b) reads as follows:

"(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effects. * * * *"

Defendant pled guilty in November of 1968 for the prior crime of burglary. The trial in the instant case occurred in April of 1978,

less than ten years after the burglary conviction. It is apparent that section (b) of the statute did not apply, because more than ten years had not elapsed since the prior conviction and the trial herein.

b. *Finding by the trial court.*

The defendant further contends, however, that the court failed to find specifically that the probative value of the conviction substantially outweighed its prejudicial effect, as required by section (a) of Rule 609. Our rule, which is the same as the federal rule, reads as follows:

> "Rule 609. Impeachment by Evidence of Conviction of Crime
>
> "(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonest or false statement, regardless of the punishment."

■ The transcript in this case reveals that the merits of admitting all three prior convictions were fully discussed by the judge and counsel during the hearing on the motion in limine. The trial court did weigh the probative value of these convictions against their prejudicial effect in determining that the firearms and petty theft convictions would be excluded while the burglary conviction would be admitted. It is true that the record does not affirmatively show that the court in denying the motion in limine as to the burglary convictions made the findings required by Rule 609(a). This is not fatal, however, as it would appear from a complete reading of the transcript of the hearing on the motion in limine, that the court did consider the matters required by Rule 609(a). We agree with the D.C. Court of Appeals that

> "[w]here the trial court has failed to address the balancing test required by Rule 609, reversal may be proper, e. g., *United*

*States v. Smith,* 179 U.S.App.D.C. 162, 551 F.2d 348, *supra; United States v. Hairston,* 161 U.S.App.D.C. 466, 495 F.2d 1046 (1974) but where—as here—the court has explicitly balanced probative value and prejudicial effect, its decision will be reviewed only for abuse of discretion, e. g., *United States v. Wiggins,* 566 F.2d 944 (5th Cir. 1978); *United States v. Cohen,* 544 F.2d 781 (5th Cir.), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2175, 53 L.Ed.2d 224 (1977); *United States v. Mahone,* 537 F.2d 922 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). There is no basis whatsoever for finding such an abuse in this case." *United States v. Stewart,* 581 F.2d 973, 974 (D.C.1978).

The better procedure would be for the court before evidence of a prior criminal conviction is admitted for impeachment purposes, to "make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *United States v. Mahler,* 579 F.2d 730, 734 (2d Cir. 1978), cert. denied, 439 U.S. 991, 99 S.Ct. 592, 58 L.Ed.2d 666, reh. denied, 439 U.S. 1104, 99 S.Ct. 885, 59 L.Ed.2d 66 (1979).

> "The hearing need not be extensive. Bearing in mind that Rule 609 places the burden of proof on the government, * * the judge should require a brief recital by the government of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of the conviction. The defendant should be permitted to rebut the government's presentation, pointing out to the court the possible prejudicial effect to the defendant if the evidence is admitted." *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.) cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

■ In the instant case we find no abuse of discretion in admitting evidence of the prior burglary conviction.

## SENTENCING IN ABSENTIA

Defendant was not present at the sentencing although he was notified of the

time and place for the sentencing. His counsel moved for a continuance, which was denied; and sentence was pronounced. Defendant was sentenced to serve not less than ten nor more than twelve years in the custody of the Arizona Department of Corrections. Defendant was subsequently located and sent to prison. Since an appeal had not been filed in his absence, he filed a petition pursuant to Rule 32 Arizona Rules of Criminal Procedure, 17 A.R.S., seeking a delayed appeal, which was granted.

■ Defendant contends that his being sentenced in absentia violates due process. We do not agree. Rule 26.9, Arizona Rules of Criminal Procedure, 17 A.R.S., provides for sentencing in absentia when the defendant, after notice of the time and place for sentencing, fails to appear for sentencing. The constitutionality of this rule has been upheld by this court and the Court of Appeals. *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1976); *State v. Cook*, 115 Ariz. 146, 564 P.2d 97 (App.1977); *State v. Camino*, 118 Ariz. 89, 574 P.2d 1308 (App. 1977). We find no error.

## EXCESSIVE SENTENCE

■ The defendant also contends the sentence was excessive. The sentence was within the limits allowed by statute, A.R.S. § 36–1002. All three convictions could be considered for sentencing purposes. *State v. O'Neill*, 117 Ariz. 343, 572 P.2d 1181 (1977). We do not find the sentence excessive.

Affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.