GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

675 P.2d 1314

STATE of Arizona, Appellee,

v.

Jesse BOJORQUEZ, Appellant.

No. 5767.

Supreme Court of Arizona,
In Banc.

Jan. 6, 1984.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Robertson & Villarreal by Michael A. Villarreal, Florence, for appellant.

GORDON, Vice Chief Justice:

On November 18, 1982, a jury found appellant, Jesse Bojorquez, guilty of two counts of dangerous assault by a prisoner and one count of possession of a deadly weapon by a prisoner. Appellant was sentenced to life imprisonment for each of the assault counts and to four years imprisonment for the possession count. The sentences were to run concurrently to one another but consecutively to sentences appellant was then serving. Timely appeal was filed from the convictions. This Court has jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 13–4031. We affirm the convictions and the sentences.

On July 28, 1982, appellant and his co-defendant, Rudy Dominguez, were inmates housed in an intensive custody cellblock at the Arizona State Prison. Early in the afternoon, they were outside their cells to do cleanup chores within their sixteen-cell pod. When it became apparent that the chores were not being done, they were ordered to either commence cleaning or to go back into their cells. They refused to do either. After verbal negotiations, they were told that they could remain in the common area of the pod until 3:00 p.m. when a mandatory prisoner count had to be conducted. At 3:00 p.m., appellant and Dominguez again refused to reenter their cells. They shouted obscenities at the guards and challenged the lieutenant in charge to "send [his] dogs in." When verbal negotiations were unsuccessful, the lieutenant ordered six guards to don riot gear. As the door to the pod was opened, appellant and Dominguez pulled shanks (prison-made knives) from their clothing and indiscriminately lunged at the incoming officers. Two officers suffered stab wounds before appellant and Dominguez were subdued.[1]

On appeal, appellant has raised three issues:

(1) Whether the trial court erred in refusing to give certain jury instructions;

(2) Whether the trial court abused its discretion in ruling that appellant's prior convictions were admissible for impeachment purposes; and

(3) Whether appellant was provided adequate representation by counsel.

## JURY INSTRUCTIONS

Appellant contends that the trial court's failure to give any of four requested instructions on self-defense constitutes reversible error.[2] A criminal defendant is entitled to a self-defense instruction whenever there is the slightest evidence of justification for the defensive act. *State v. Lujan,* 136 Ariz. 102, 664 P.2d 646 (1983). However, where a requested self-defense instruction is not warranted by the evidence in the case, the trial court is under

---

1. Appellant and Dominguez were both tried for charges stemming from this incident. Both were found guilty. This Court has previously reviewed and affirmed Dominguez' conviction in a memorandum decision.

2. We note that one of these four proposed instructions was indeed given by the trial court.

no obligation to give it. *State v. Williams,* 132 Ariz. 153, 644 P.2d 889 (1982).

 In the instant case, appellant did not testify in his own behalf. Rather, he attempted a self-defense defense through the testimony of other witnesses. Appellant's position is that he was unable to return to his cell because the door to it was closed. When the guards entered the pod, appellant argues, they were the first to use force and he merely defended himself. Several defense witnesses testified that appellant shouted "wait a minute, wait a minute" as the guards entered the pod.

The facts here are similar to those in *Williams, supra. Williams* also involved an altercation between penal officers and a prisoner. There, Williams had provoked the guard's assaultive behavior by ripping his commode from the wall, throwing porcelain at the guards, and setting fires. This Court noted that one who provokes another's use of force cannot claim self-defense unless the provoker meets the requirements of A.R.S. § 13–404(B)(3)(a) by withdrawing from the encounter or communicating to the other his intent to withdraw while believing he cannot safely do so. *Id.* at 156, 644 P.2d at 892. This Court found no evidence of Williams' withdrawal and no error in the trial court's failure to give self-defense instructions. However, we also noted that "[h]ad the defense presented evidence satisfying all of the elements of A.R.S. § 13–404, even if this evidence was in complete conflict with the state's evidence, appellant would have been entitled to an instruction on self-defense." *Id.*

Appellant argues that the testimony of his shouting "wait a minute, wait a minute" constitutes evidence of withdrawal. Assuming this to be true, the trial court properly instructed the jury regarding provocation:

"If the defendant provoked the use or attempted use of physical force, self-defense is not available unless two things happened:

"1. The defendant withdrew from the encounter or clearly communicated to the other person his intent to withdraw

but reasonably believed that he could not safely do so; and

"2. The other person continues or tries to use physical force against him."

 Appellant then argues that an inmate has the right to defend himself against the use of unnecessarily excessive force by a prison official. We agree, *cf. State v. Martinez,* 122 Ariz. 596, 596 P.2d 734 (App.1979) (arrestee has right to self-defense against the use of excessive force by a police officer, even during arrest), but find the instructions that were given to be completely adequate. The trial court gave the following instructions regarding self-defense in the face of unnecessary force:

"The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:

"A superintendent or other entrusted official of a jail, prison or correctional institution may use physical force for the preservation of peace, to maintain order or discipline, or to prevent the commission of any felony or misdemeanor.

"A defendant is justified in using or threatening physical force in self-defense only if a person authorized to use physical force exceeds that allowed by law."

Thus, the jury was properly instructed that prison officials have the statutory right to use that amount of physical force necessary to maintain order within the prison. *See* A.R.S. § 13–403(2). The jury was also told that if that amount of force had been exceeded, appellant would have been justified in using physical force to defend himself. *See* A.R.S. § 13–404(A).

 Appellant's other proffered instructions were properly rejected by the trial court. One instruction indicated that mere words, which do not include a threat to use force, do not justify threatening or using physical force. *See* A.R.S. § 13–404(B)(1). The trial court held, and we

agree, that while that is true in most cases, A.R.S. § 13–403(2) creates an exception and gives prison officials the right to use force whenever necessary to maintain order. That necessity may arise, as it apparently did here, when only words, not including a threat to use force, have been spoken. The requested instruction, therefore, was not warranted by the facts as shown by the evidence and was properly rejected. A second instruction concerned justification of actions taken under duress. *See* A.R.S. § 13–412(A). Because there was no evidence presented at trial that appellant was compelled or coerced to act as he did by any threat of force against him, this instruction was properly refused. The third instruction at issue indicated that actual danger was not necessary to justify self-defense, perceived danger being a sufficient justification as long as the perception was reasonable. However, the reasonableness of appellant's belief that he was in danger and whether that danger was real or merely apparent were never facts put into issue at the trial. The instruction pertaining to those issues, therefore, was properly refused. We find no error in the jury instructions given or those rejected.

## PRIOR CONVICTIONS

At appellant's omnibus hearing, the prosecution indicated that it would use appellant's prior convictions for impeachment under Ariz.R.Evid. 609 if appellant testified at the trial. The prosecution agreed not to use the prior convictions as "other bad act" evidence under Ariz.R.Evid. 404 or for enhancement of punishment under A.R.S. § 13–604. Ariz.R.Evid. 609 provides:

"(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment."

We have noted, in *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980), that, when the prosecution intends to offer a prior conviction to impeach a defendant, the trial judge should require the state to show the date, place, and nature of the prior convictions and any other relevant circumstances. The defendant should be permitted to rebut the state's presentation by demonstrating the prejudicial effect to the defendant if the evidence is admitted. The trial judge should then consider the arguments made and make a finding on the record as to whether the probative value of the evidence substantially outweighs the danger of unfair prejudice. Only upon a showing that the trial judge abused his discretion will an appellate court disturb that finding. *State v. Sullivan*, 130 Ariz. 213, 635 P.2d 501 (1981); *State v. Hunter*, 137 Ariz. 234, 669 P.2d 1011 (App.1983).

Of appellant's numerous prior convictions, the prosecution intended to use four incidents, amounting to eight counts, as impeachment. Each was described to the trial judge in sufficient detail to satisfy the *Ellerson* requirements. Defense counsel argued strongly that the prejudicial effect of the admission of these prior convictions, several of which involved assaults with a deadly weapon and two of which involved the killing of prison guards, outweighed their probative value. The prosecution responded with assertions that, because self-defense was to be raised, appellant's credibility was relevant and that the jury should be given all relevant and material information. The trial judge then made the following finding:

"* * * if in fact this is a self-defense case, I think that those conditions would be probative as to who was telling the truth, as to who was the aggressor [and as to] who do you believe. If this defendant has been involved in that situation prior to this time, then I think it would be probative. I think the proba-

tive value would outweigh the prejudicial effect.

\* \* \* \* \* \*

"My ruling would be that each of the eight felony convictions then would be admissible for impeachment purposes if in fact [the defendant] takes the stand."

Appellant argues that the trial judge's ruling was made in violation of "the dictates of Rule 609." However, having read a transcript of the hearing, it is clear to us that the trial judge fully complied with the requirements of Rule 609 as set forth in *Ellerson* and *Sullivan.*[3] We find no abuse of discretion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 Appellant asserts, but does not argue, that his trial counsel ineffectively assisted his defense. A criminal defense attorney must demonstrate at least minimal professional competence. *State v. Watson*, 134 Ariz. 1, 653 P.2d 351 (1982). We have searched the entire record pursuant to A.R.S. § 13–4035 and have found no evidence of ineffective assistance. Trial counsel filed appropriate pre-trial motions on appellant's behalf. He cross-examined the state's witnesses and witnesses for the co-defendant; he presented witnesses on behalf of appellant; he made objections and motions during trial. Trial counsel's waiver of closing argument and tactic of relying upon the court's jury instructions does not constitute ineffective assistance of counsel. As our Court of Appeals has noted, "in some cases the wisest trial tactic is to keep quiet \* \* \*. We refuse to equate silence with incompetence." *State v. Martinez*, 19 Ariz.App. 417, 418, 508 P.2d 82,

83, *cert. denied*, 414 U.S. 1027, 94 S.Ct. 456, 38 L.Ed.2d 320 (1973).

The convictions are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**3.** The author of this opinion has not retreated from the stance expressed in his dissent in *Sullivan* that prior convictions for similar crimes should be admitted sparingly. In such a case, the jury is perhaps likely to infer that "if he did it once, he probably did it again." *See Sullivan*, 130 Ariz. at 219, 635 P.2d at 507 (Gordon, J., dissenting). However, here the issue of self-de-

fense was critical. As far as the record on appeal indicates, appellant's prior convictions did not involve self-defense claims. If the prosecution, in response to appellant's self-defense assertion, had planned to impeach him by implying that "every time he's charged with something, he claims self-defense," our result might be different.