693 P.2d 337

**STATE of Arizona, Appellee,**

v.

**Velma C. DICKSON, Appellant.**

**No. 6092.**

Supreme Court of Arizona,
In Banc.

Jan. 4, 1985.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

GORDON, Vice Chief Justice.

On May 16, 1983, an information was filed in the Maricopa County Superior Court charging appellant, Velma C. Dickson, with one count of second degree murder. The information also alleged a violation of A.R.S. § 13–604.01, commission of a dangerous offense while on release from confinement. In addition, the state alleged the existence of three prior felonies: second-degree murder in 1975, and two counts of obtaining money by false or bogus checks in 1978.

After a trial, a jury found appellant guilty of second degree murder. The jury also found that appellant was on parole at the time of the murder and that the allegations of prior convictions were true. The trial court sentenced appellant to life imprisonment without possibility of release for twenty-five years. A.R.S. § 13–604.01. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3), and A.R.S. § 13–4031 and –4035. We affirm.

The facts viewed in the light most favorable to upholding the conviction reveal that on December 21, 1982, the victim, Johnny Sellers, was living with appellant, the victim's two sons, ages 12 and 13, appellant's two sons, ages 10 and 11, and the victim's and appellant's child, age one and a half. All seven were in the house on that date.

At around 11:00 a.m., appellant and Sellers were in the living room arguing about money. During the argument appellant went to the back bedroom, retrieved a pistol, and returned to the living room. She

then shot Sellers four times. He subsequently died of the gunshot wounds.

After fatally wounding Sellers, appellant concocted an alibi making it appear she was at work during the murder. Out of fear of appellant, the children, for a time, aided appellant in maintaining the alibi. In April of 1983, however, appellant beat one of her sons for failing to run satisfactorily a marketing errand. This incident eventually prompted all four boys to recant their stories and to implicate appellant in Sellers' death.

Appellant raises two issues on appeal:

(1) whether the trial court erred in permitting the prosecution to impeach appellant with her prior felony convictions, and

(2) whether the trial court erred in admitting an allegedly inflammatory photograph into evidence.

## IMPEACHMENT BY USE OF PRIOR FELONY CONVICTIONS

Appellant first maintains that the trial court erred in permitting the prosecution to impeach her with her three prior felony convictions. We disagree.

Of appellant's three prior felonies, two related to passing bogus checks, and the third was second-degree murder. After an evidentiary hearing, the trial court admitted all three convictions to impeach appellant should she testify. The court ruled, however, that the specific nature of the murder conviction could not be revealed. Thus, regarding this last conviction, the prosecution could merely mention that appellant was convicted of "a felony." Appellant testified at trial. Her attorney "drew the sting" of this evidence on direct examination by having appellant admit her two convictions for passing bogus checks and for another "felony." The state did not cross-examine appellant regarding any of the prior felonies.

Impeachment by use of evidence of previous convictions is governed by rule 609,

Ariz.R.Evid., 17A A.R.S., which states in pertinent part:

"(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

There is no question in this case that each of appellant's three prior convictions were punishable either by more than one year in prison or involved dishonesty or false statement. It is also undisputed that less than ten years had passed from the date of each conviction or release until the date of impeachment. Thus, we need only decide whether the trial court erred in determining that the probative value of admitting the impeachment evidence outweighed its prejudicial effect. Only upon a showing that the trial court abused its discretion will this Court disturb a trial judge's finding that the probative value of

prior convictions offered in impeachment substantially outweighs the danger of unfair prejudice. *State v. Bojorquez*, 138 Ariz. 495, 675 P.2d 1314 (1984).

Our review of the record reveals that the trial court conducted a hearing meeting the requirements of *State v. Ellerson*, 125 Ariz. 249, 609 P.2d 64 (1980).[1] After this hearing, the trial court concluded that all of the prior felonies prejudiced appellant. The court concluded, however, that so long as the specific nature of the prior murder conviction was not mentioned, the probative value of such evidence substantially outweighed the danger of prejudice.

This decision to treat the prior second degree murder as an unspecified felony was well within the trial court's discretion. *See State v. Watkins*, 133 Ariz. 1, 648 P.2d 116 (1982); *State v. Jackson*, 139 Ariz. 213, 677 P.2d 1321 (App.1983). We cannot say that admitting two bogus check convictions and an unspecified felony for impeachment purposes in a second degree murder trial was an abuse of discretion.

Appellant, however, urges that when a defendant's entire case depends on the defendant's testimony, the trial court should not admit prior convictions for impeachment purposes. We disagree. That a defendant must depend substantially or even entirely upon his testimony for a defense does not preclude impeaching his credibility with prior convictions. *See State v. Gillies*, 135 Ariz. 500, 662 P.2d 1007 (1983) (as absence of witnesses to the alleged crimes rendered credibility of defendant of considerable importance, trial court did not err in allowing impeachment

with prior conviction); *State v. Davis*, 137 Ariz. 551, 672 P.2d 480 (App.1983) (where key issue in child molestation case was credibility of defendant and victim, trial court did not abuse its discretion in admitting one of defendant's two prior convictions for impeachment purposes); *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App. 1980) (where direct conflict of testimony between undercover agent and defendant was of paramount importance, jury should have before it all information which might have reflected untruthfulness of defendant, including prior convictions qualifying under Rule 609).

### ADMISSION OF PHOTOGRAPHIC EVIDENCE

Appellant next maintains that the trial court erred in admitting into evidence exhibit 16, an allegedly inflammatory photograph. According to appellant, the photograph's prejudicial tendencies outweighed its probative value, and, therefore, the trial court erred in admitting the photograph. We disagree.

We have reviewed the photograph in issue, and we do not find it inflammatory. The photograph is a side view of Johnny Seller's upper body taken at the autopsy. It shows two bullet wounds in Seller's right shoulder. Only a portion of the right side of Seller's face is visible; his eyes, nose, mouth, and chin are not visible. Moreover, only a small amount of dried blood is evident. We do not believe the photo is gruesome or that it prejudiced the jury.

Furthermore, the photograph was relevant. By illustrating the path of the bullet that passed through Sellers' right shoulder, the photograph substantiated expert testimony that Sellar's wounds were not self-in-

---

1. We reviewed those requirements in *State v. Bojorquez, supra,* where we said:

    "[W]hen the prosecution intends to offer a prior conviction to impeach a defendant, the trial judge should require the state to show the date, place, and nature of the prior convictions and any other relevant circumstances. The defendant should be permitted to rebut the state's

presentation by demonstrating the prejudicial effect to the defendant if the evidence is admitted. The trial judge should then consider the arguments made and make a finding on the record as to whether the probative value of the evidence substantially outweighs the danger of unfair prejudice."
138 Ariz. at 499, 675 P.2d at 1318.

flicted. The court expressly found that the photograph was not inflammatory and that it was relevant. We note that the trial court excluded several other photographs it found repetitive or inflammatory. The trial court did not abuse its discretion in admitting exhibit 16. *See State v. Chapple,* 135 Ariz. 281, 660 P.2d 1208 (1983); *State v. Hicks,* 133 Ariz. 64, 649 P.2d 267 (1982).

Pursuant to A.R.S. § 13–4035, we have searched the entire record for fundamental error, and we have found none. The judgment of conviction and sentence imposed are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.