29 P.3d 271

**STATE of Arizona, Appellee,**

v.

**Randy Lee GREEN, Appellant.**

No. CR–99–0569–PR.

Supreme Court of Arizona.

Aug. 17, 2001.

Janet Napolitano, Arizona Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and John L. Saccoman, Assistant Attorney General, Phoenix, for Appellee.

James J. Haas, Maricopa County Public Defender, By James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

ZLAKET, Chief Justice.

¶ 1 In 1997, Randy Lee Green lived in guest quarters behind Eileen Cochran's house. Upon arriving home in the early morning hours of September 13, he entered the main residence. Cochran was asleep in her room. An acquaintance, Barbara Dowling, was sleeping in a spare bedroom just down the hall. According to Dowling's testimony at trial, she awoke to find a naked Green in her bed. He allegedly was fondling her breast and genital area. He also had placed her hand on his penis. She ordered Green out of the room. He left, and she screamed for Eileen.

¶ 2 Cochran testified that when she arrived, she saw Dowling in distress and heard her mention Green's name. Cochran ran out to the guest house and confronted Green. He denied any knowledge of the incident. She then returned to the main house and tried to calm Dowling. Eventually, Green was taken into custody and charged with one count of sexual assault and one count of sexual abuse.

¶ 3 Before trial, the prosecution learned that Green had two 1982 sexually-related felony convictions in California, for which he had served time until 1985. The state gave written notice of its intent to introduce these prior convictions as impeachment evidence should Green choose to testify. The defendant moved *in limine* to preclude such evidence pursuant to Arizona Rule of Evidence 609(b). The trial judge denied the motion, stating:

> Since there were only two people that know whether this event actually occurred or not, the defendant's credibility, if he chooses to testify, is extremely important for the jury to analyze. On the other hand, the remoteness of the offenses and the fact that one of them by name is extremely prejudicial has great weight. . . .
> If the defendant chooses to testify, I will allow the State to impeach him with the fact that he has two prior felony convictions. However, . . . [n]either party can refer to the names of the convictions or any of the facts behind the convictions . . . . [A]s sanitized, I find that the probative value of the convictions substantially outweigh the danger of unfair undue prejudice.

¶ 4 Green took the stand and denied any involvement in the current incident. He testified that he had not entered the spare bedroom, gotten into the bed, or touched Dowling. He stated that the first time he had heard of the matter was when Cochran came to the guest house and asked "[W]hat's going on between you and Barbara?"

¶ 5 During cross-examination, the prosecutor asked Green about the existence of his "two prior felony convictions dated February

26, 1982." The defendant admitted them. After both sides finished their questioning, two jurors submitted questions. One asked, "Are the prior felonies of Mr. Green sexually related?" Another asked "Are we allowed to know prior convictions?" The court did not put either question to the defendant. Instead, it instructed the jury to consider the prior convictions only to the extent that they might bear upon the defendant's believability as a witness, not as proof that he was guilty of the current charges.

¶ 6 The jury returned a guilty verdict on the sexual abuse count, but was unable to decide the sexual assault charge.[1] The defendant was sentenced to a term of imprisonment on the sexual abuse conviction, from which he now appeals. The court of appeals affirmed in a memorandum decision. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and Ariz. R.Crim. P. 31.19.

## DISCUSSION

■ ¶ 7 When reviewing a ruling on the admissibility of prior convictions, this court will overturn the trial court's determination only if it proves to have been a clear abuse of discretion. *State v. Bolton,* 182 Ariz. 290, 303, 896 P.2d 830, 843 (1995); *State v. Dickson,* 143 Ariz. 200, 202–03, 693 P.2d 337, 339–40 (1985); *State v. Perkins,* 141 Ariz. 278, 283, 686 P.2d 1248, 1253 (1984).

### 1. Rule 609

■ ¶ 8 Rule 609 of the Arizona Rules of Evidence governs the admissibility of prior convictions. It represents a slightly modified version of Federal Rule 609, and provides that a party can impeach a witness with a prior conviction if (1) it was for a crime "punishable by death or imprisonment in excess of one year" or an offense that "involved

dishonesty or false statement, regardless of the punishment;" and (2) its probative value outweighs its prejudicial effect. Ariz. R. Evid. 609(a). Consistent with this general rule, we have observed that "a major crime entails such an injury to and disregard of the rights of other persons that it can reasonably be expected the witness will be untruthful if it is to his advantage." *State v. Williams,* 144 Ariz. 433, 438, 698 P.2d 678, 683 (1985) (quoting *State v. Malloy,* 131 Ariz. 125, 127, 639 P.2d 315, 317 (1981)).

■ ¶ 9 However, "as ... convictions become older they have increasingly less probative value on credibility." *State v. Lucas,* 146 Ariz. 597, 606, 708 P.2d 81, 90 (1985) (citing to M. Udall & J. Livermore, *Arizona Practice, Laws of Evidence* § 47 at 90 (2nd ed.1982)). Thus, Rule 609(b) allows admission of a "remote" or "stale" conviction—one that is over ten years old—only if the proponent shows that its probative value *"substantially* outweighs its prejudicial effect." Ariz. R. Evid. 609(b) (emphasis added).[2] Moreover, the admissibility finding must be supported by "specific facts and circumstances" that should be disclosed on the record. *State v. Ellerson,* 125 Ariz. 249, 252, 609 P.2d 64, 67 (1980) (citation omitted), *overruled on other grounds by State v. Fettis,* 136 Ariz. 58, 664 P.2d 208 (1983); *see also* S.Rep. No. 93–1277, at 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7051, 7061.

■ ¶ 10 When interpreting an evidentiary rule that predominantly echoes its federal counterpart, we often look to the latter for guidance. *E.g., State v. Piatt,* 132 Ariz. 145, 149, 644 P.2d 881, 885 (1981) (citing to "[t]he Advisory Committee's Note attending Rule 601 of the Federal Rules of Evidence, which Arizona adopted with little variation"). The House Judiciary Committee submitted a pro-

---

1. Prior to retrial on the sexual assault count, the defendant agreed to a plea bargain resulting in lifetime probation.

2. Arizona Rule of Evidence 609(b) provides:
   (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice,

that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

posed version of federal Rule 609 that banned the use of remote prior convictions. H.R.Rep. No. 93–650, at 11 (1973), *reprinted in* 1974 U.S.C.C.A.N. 7075, 7085. The Senate, however, took a slightly different approach. While it agreed that "convictions over ten years old generally do not have much probative value," it recognized that "there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness." S.Rep. No. 93–1277, at 15, *reprinted in* 1974 U.S.C.C.A.N. 7051, 7061. The full Congress agreed.

¶ 11 Shortly thereafter Arizona adopted the federal rule with minor changes, none of which are relevant to this opinion. Thus, the final formulation of our Rule 609 reflects the federal drafters' intent that remote convictions should be admitted "very rarely and only in exceptional circumstances." *Id.* at 15, *reprinted in* 1974 U.S.C.C.A.N. 7051, 7061–62.

### 2. Application

■ ¶ 12 There is no question that Green's convictions were more than ten years old. Therefore, the state bore the burden of proving exceptional circumstances. *Williams,* 144 Ariz. at 437, 698 P.2d at 682; 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.06[1] (Joseph M. McLaughlin, ed., 2d ed.1997). We have previously spoken of factors that *might be considered* by trial judges in permitting the use of prior convictions. In *State v. Noble,* 126 Ariz. 41, 43, 612 P.2d 497, 499 (1980), we said:

> In deciding whether a prior conviction can be utilized for impeachment purposes, the trial court takes into account many factors such as the remoteness of the conviction, the nature of the prior felony, the length of the former imprisonment, the age of the defendant, and his conduct since the prior offense. There are no set guidelines.

(Citations omitted). In *State v. Williams,* we reviewed a 609(a) ruling and again enumerated circumstances that could be considered in determining the probative value of a prior conviction. These included the "impeachment value of the prior, length of time since the prior conviction, the witness' history since the prior conviction, the similarity between the past and present crimes, the importance of defendant's testimony, and the 'centrality of the credibility issue.'" *Williams,* 144 Ariz. at 438, 698 P.2d at 683 (citing *United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.1976)).

¶ 13 The fact that *Williams* was a 609(a) case does not make the foregoing factors inapplicable to a 609(b) analysis. *Compare Mahone,* 537 F.2d at 929 (listing the *Williams* factors in a 609(a) case), *with United States v. Townsend,* 555 F.2d 152, 159 (7th Cir.1977) (citing to *Mahone* when describing the balancing method to be used in a 609(b) case); and *United States v. Meyers,* 952 F.2d 914, 916 (6th Cir.1992) (applying the *Williams* factors in a 609(a) case), *with United States v. Sloman,* 909 F.2d 176, 180–81 (6th Cir.1990) (applying the same factors in a 609(b) case). The critical difference between Rule 609(a) and (b) lies in the balancing standard to be applied, not in the facts and circumstances to be considered.

■ ¶ 14 The trial court here listed only one of the *Williams* factors, the centrality of credibility, in support of its ruling. We do not believe that this alone "substantially outweighs" the prejudicial effect of two remote convictions that would otherwise be inadmissible as a matter of sound judicial policy. We agree with the Fifth Circuit's observation that "the mere fact that the defendant's credibility is in issue—a circumstance that occurs whenever the defendant takes the stand—cannot, by itself, justify admission of evidence of convictions over ten years old." *United States v. Acosta,* 763 F.2d 671, 695 (5th Cir.1985) (quoting *United States v. Brown,* 603 F.2d 1022, 1028 (1st Cir.1979)).[3]

---

3. In *Brown,* the First Circuit held that the trial court had not abused its discretion in admitting remote prior convictions, noting the existence of other more *recent* criminal activity to go with the earlier felonies. *Brown,* 603 F.2d at 1029. In other words, a second factor identified in both

our *Williams* and *Noble* decisions, *see* ¶ 12, *supra*—the witness's conduct since the remote felony—was present in *Brown.* There are, however, no recent felonies in the case before us today. In fact, there is no evidence of bad conduct on the

¶ 15 The state argues that because this case boils down to "he said, she said," the probative value of the prior convictions is great enough to carry the burden. We find this argument unpersuasive. There are many cases in which the testimony of one witness is pitted against another. To allow the admission of remote felonies in every such "swearing contest" would be to effectively defeat the policy that severely limits their use.

¶ 16 The state's reliance on *State v. Poland,* 144 Ariz. 388, 698 P.2d 183 (1985), and *State v. Gillies,* 135 Ariz. 500, 662 P.2d 1007 (1983), is misplaced. In *Poland,* we found no error in a judge's decision to allow evidence of a felony to impeach the defendant under 609(a). We stated that "[b]ecause defendant relied upon an alibi defense, impeachment evidence was vitally important to the State." *Poland,* 144 Ariz. at 400, 698 P.2d at 195. Likewise, in *Gillies,* the trial court allowed the prosecution to impeach the defendant with what was apparently a recent prior felony. We upheld the judge's decision, noting that because there were no witnesses to the alleged crime, the defendant's credibility was a crucial issue in the trial. *Gillies,* 135 Ariz. at 507, 662 P.2d at 1014.

¶ 17 *Poland* and *Gillies* dealt with Rule 609(a). In neither of those reported decisions is there any suggestion that the prior conviction was more than 10 years old, or that an issue of remoteness had been raised by the defense. Thus, they illustrate only that the centrality of a witness's credibility is a valid consideration in weighing the probative value of a prior conviction, a point we also made in *State v. Williams,* 144 Ariz. at 438, 698 P.2d at 682. But that does not dispose of the case at hand, in which the state's obligation was to show that the probative value of the felonies *substantially* outweighed the prejudice attached to them. Rule 609(b), Ariz. R. Evid.[4]

¶ 18 The dissent suggests that by rejecting the admission of a stale conviction in this case, we have replaced rule 609(b) with an absolute bar to the admission of convictions over ten years old. We respectfully disagree. Our decision today does not alter or eliminate Rule 609(b); it enforces it. Given only one of the key factors set forth in our earlier cases, we conclude that the higher standard of Rule 609(b) has not been met here.

¶ 19 We recognize that not all courts have reached the same result. See, *e.g., United States v. Pritchard,* 973 F.2d 905, 909 (11th Cir.1992) (finding that "the probative value of the [remote] conviction outweighed the possible prejudice to [defendant], because [defendant's] credibility was a key issue"); *United States v. Spero,* 625 F.2d 779, 781 (8th Cir. 1980) (upholding the admission of a twenty-two year old conviction into evidence to impeach defendant where "it is fair to say that in its final analysis, the jury had to choose between accepting the testimony of [another witness] or accepting the testimony of [defendant]"). *But see United States v. Bensimon,* 172 F.3d 1121, 1126 (9th Cir.1999) ("the probative value of a prior conviction may *not* be determined by how important the defendant's credibility is to the opposing party") (emphasis in original); *American Home Assurance Co. v. American President Lines, Ltd.,* 44 F.3d 774, 778–79 (9th Cir.1994) (rejecting admission, holding that the probative value of a prior conviction is measured by how well it demonstrates the witness' lack of trustworthiness, not how badly the offering party wants or needs to impeach him).

■ ¶ 20 We believe the better rule is the one we articulate today. Rule 609(b) permits the admission of remote prior convictions "very rarely and only in exceptional circumstances." Because there was no showing of

---

part of the defendant from the time of his 1982 convictions to the present crimes.

4. The dissent cites a number of cases, including *Gillies,* in support of "the direct relationship between the admissibility of convictions and cases in which credibility is the key." *Infra* at ¶ 27. Not one of them, however, stands for the proposition that centrality of credibility, standing

alone, satisfies the *substantial* outweighing test required by 609(b). See, e.g., *State v. Dickson,* 143 Ariz. 200, 202, 693 P.2d 337, 340 (1985); *State v. Harding,* 141 Ariz. 492, 498–99, 687 P.2d 1247, 1253–54 (1984); *State v. Davis,* 137 Ariz. 551, 560–61, 672 P.2d 480, 489–90 (App.1983); *State v. Dixon,* 126 Ariz. 613, 617–18, 617 P.2d 779, 783–84 (App.1980).

such circumstances here, we hold that the trial court abused its discretion.

## HARMLESS ERROR

¶ 21 "[T]his court will not reverse a conviction if an error is clearly harmless." *State v. Doerr*, 193 Ariz. 56, 64, 969 P.2d 1168, 1176, ¶ 33 (1998). Error is harmless only if we can say, beyond a reasonable doubt, that it "did not contribute to or affect the verdict." *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993) (citation omitted). Put another way, the proper inquiry is "whether the guilty verdict actually rendered ... was surely unattributable to the error." *Id.* (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)).

¶ 22 The evidence presented here was entirely testimonial. Dowling testified that Green molested her. The defendant denied the charge. The testimony of the other witnesses provided circumstantial evidence of limited value. Green's credibility was plainly at issue. Moreover, the jurors' questions suggest that their knowledge of the defendant's past convictions may have had some effect. Given all of this, we cannot say beyond a reasonable doubt that the erroneous admission of this evidence did not contribute to or affect the verdict.

¶ 23 We therefore reverse and remand the matter for further proceedings consistent with this opinion.

JONES, V.C.J., FELDMAN and MCGREGOR, JJ., concurring.

MARTONE, Justice, dissenting.

¶ 24 The court concludes that the admission of Green's prior convictions was an abuse of discretion. I disagree.

¶ 25 Rule 609, Ariz. R. Evid., governs "Impeachment by Evidence of Conviction of Crime." Rule 609 has a single use: to cast doubt on a witness' credibility through introduction of past convictions. It is true that under Rule 609(b), prior convictions that are more than ten years old should be admitted only where probative value substantially outweighs prejudice. But if that circumstance is not present in this case, then it never will be present under Rule 609(b). In this case, there was no physical evidence. There were no witnesses to the crime other than the victim and the defendant. The only evidence presented of the crime itself was testimony from those two witnesses. The only issue upon which the verdict turned was the credibility of the defendant and the victim.

¶ 26 Our cases and those of our court of appeals recognize the obvious: where witness credibility is case dispositive, the probative value of a conviction is very high. *See State v. Harding*, 141 Ariz. 492, 499, 687 P.2d 1247, 1254 (1984) ("[T]here were no witnesses to the crime, so the credibility of appellant was a vital consideration.... [I]t would have been important for the jury, when considering appellant's credibility, to possess information about appellant's history of convictions...." (citations omitted)); *State v. Gillies*, 135 Ariz. 500, 507, 662 P.2d 1007, 1014 (1983) ("Due to the absence of witnesses to the alleged crimes, the credibility of the appellant was of considerable importance."); *State v. Dickson*, 143 Ariz. 200, 203, 693 P.2d 337, 340 (1985) ("That a defendant must depend substantially or even entirely upon his testimony for a defense does not preclude impeaching his credibility with prior convictions."); *State v. Davis*, 137 Ariz. 551, 561, 672 P.2d 480, 490 (App.1983) ("[T]he sole contested issue was the credibility of the victim. Defense counsel was able to effectively cross-examine several witnesses and elicit substantial testimony to the effect that the victim had lied on various occasions to her parents, her sister and others. Under these circumstances, we believe that the jury was entitled to have before it any information which might have bearing on the defendant's credibility also."); *State v. Dixon*, 126 Ariz. 613, 618, 617 P.2d 779, 784 (App.1980) ("Where the direct conflict of testimony between [a witness] and the defendant is of such paramount importance, the jury should have before it all information which might reflect on the truthfulness of the defendant.").

¶ 27 Instead of following Arizona's understanding of the direct relationship between the admissibility of convictions and cases in

which credibility is key, the court adopts this partial quote from among divergent circuit court cases: "[T]he mere fact that the defendant's credibility is in issue—a circumstance that occurs whenever the defendant takes the stand—cannot, by itself, justify admission of evidence of convictions over ten years old." *Ante,* ¶ 14, 617 P.2d 779 (quoting *United States v. Acosta,* 763 F.2d 671 (5th Cir. 1985)).[1] But even if this were the correct rule, the trial court did not admit the convictions solely because Green testified on his own behalf. The primary witness against Green, the victim, had been impeached with evidence of bias. Because there was no other evidence against Green, the jury had only one factor upon which to base a verdict—which witness was more credible, the victim or the defendant? Under these circumstances, the jury is entitled to have "all information which might reflect on the truthfulness of the defendant." *Dixon,* 126 Ariz. at 618, 617 P.2d at 784.

¶ 28 The trial court admitted Green's prior convictions because "the defendant's credibility ... is extremely important for the jury to analyze." Tr., Aug. 12, 1998, at 13. To abuse its discretion, a trial court must make an error of law, fail to consider the evidence, make some other substantial error of law, or have no substantial evidence to support its conclusion. *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982). None of these flaws is present in this case. The trial court followed the process required

by Rule 609(b) without error.[2] The judge clearly considered the evidence. There were no other claimed substantial errors of law. And there was sufficient evidence to support the conclusion that the convictions' probative value substantially outweighed their prejudicial effect, especially as sanitized. *See Little v. Little,* 193 Ariz. 518, 520, 975 P.2d 108, 110 (1999) ("An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision.") (quoting *Fought v. Fought,* 94 Ariz. 187, 188, 382 P.2d 667, 668 (1963)).

¶ 29 By holding that prior convictions more than ten years old are not admissible here, the court has, without expressly saying so, created an absolute bar to their admission in any case. Because this is contradicted by the plain language of Rule 609(b), I respectfully dissent.

---

1. Relying on *Acosta* is problematic. There, the trial court failed to weigh probative value against prejudicial effect. Thus, *Acosta* merely remanded the case for a Rule 609(b) determination by the district court. *Id.* at 695. Moreover, the *Acosta* quote upon which the court relies originally comes from *United States v. Brown,* 603 F.2d 1022 (1st Cir.1979), which affirmed the trial court's admission of prior convictions over ten years old. The full quote is as follows:

   Of course, the mere fact that the defendant's credibility is in issue—a circumstance that occurs whenever the defendant takes the stand—cannot, by itself, justify admission of evidence of convictions over ten years old. Such a rule would make the ten year limit in Rule 609(b) meaningless. But when the defendant's alibi is that another culprit committed the crime and the alternative culprit's credibility is severely attacked when he takes the stand and denies his involvement, the probative value

   (i.e., the importance) of prior conviction evidence relating to the defendant *necessarily increases.*
   *Brown,* 603 F.2d at 1028 (emphasis added).
   Other federal circuits disagree with *Acosta. See, e.g., United States v. Pritchard,* 973 F.2d 905, 909 (11th Cir.1992); *United States v. Maichle,* 861 F.2d 178 (8th Cir.1988). Because Arizona precedents address the issue, *supra,* at ¶ 26, there is no need to resort to one of many divergent federal views. While most Arizona cases address Rule 609(a), Ariz. R. Evid., I agree with the court that Rule 609(a) analysis is applicable to Rule 609(b) cases. *Ante,* at ¶ 13.

2. It weighed the probative value against the prejudicial effect and made a finding on the record that, under the facts and circumstances of this case, the probative value of Green's prior conviction substantially outweighed its prejudicial effect.