508 P.2d 82

**The STATE of Arizona, Appellee,**

v.

**Reynaldo R. MARTINEZ, Appellant.**

**No. I CA–CR 495.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 5, 1973.

Rehearing Denied May 17, 1973.

Review Denied July 10, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

We are asked to decide under the facts in this case if the defendant was denied the effective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution.

On November 26, 1969 the defendant was convicted in Maricopa County of two felony charges: Attempted Burglary and Possession of a Narcotic Drug. Imposition of sentence was suspended on each charge for a period of three years. On March 13, 1972 a hearing was held and defendant's probation on both cases was revoked. At this hearing the defendant admitted he had violated the terms of his probation by continuing his use of heroin and by committing a first degree burglary to which charge he had entered a plea of guilty on January 24, 1972.

The record discloses that he was represented by two attorneys at this revocation hearing and that neither made any statements that were reported in the record. The defendant now alleges that this silence by his attorneys was proof that he did not have adequate representation.

**418**

The charge of inadequate representation can only prevail when it is shown that the proceedings were a farce or a sham. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966).

An excellent discussion on the art of advocacy was set forth in the case of United States v. Stoecker, 216 F.2d 51, 52 (C.A.7, 1954):

> "Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed, a post-mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. Trial strategy is seldom viewed with a uniform eye."

Both of the attorneys representing the defendant are experienced, respected members of the Arizona Bar and in reading the transcript it appears they deemed it wise, in view of the overwhelming evidence against the defendant, to remain silent. We can only comment that in some cases the wisest trial tactic is to keep quiet and that this sometimes brilliant tactic is the hardest to learn and practice. We refuse to equate silence with incompetence. There is no evidence here that the defendant's two attorneys were incompetent or that the proceedings at the revocation were a farce or sham.

This case was argued by the Office of the Public Defender of Maricopa County in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

Under the requirements of A.R.S. § 13–1715, we have examined the record for fundamental error and find none.

The sentences of the trial court are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.