680 P.2d 1232

**The STATE of Arizona, Appellee,**

v.

**Frankie CHEE, Appellant.**

**No. 2 CA–CR 2895.**

Court of Appeals of Arizona, Division 2.

Jan. 4, 1984.

Review Denied May 1, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jessica Gifford Funkhouser, Phoenix, for appellee.

Alyce Pennington-Hansen, Tucson, for appellant.

HATHAWAY, Judge.

Frankie Chee was tried to a jury and convicted of aggravated assault, a dangerous offense, in violation of A.R.S. §§ 13–1204(A)(2) and (B), A.R.S. §§ 13–604, 13–701, 13–702, 13–801 and 13–803, with allegations of prior convictions of aggravated assault and voluntary manslaughter. He was sentenced to 15 years imprisonment. On appeal he contends he was denied his Sixth and Fourteenth Amendment right to counsel because of his appointed attorney's lack of participation at trial and failure to challenge his identification. He further contends that the trial court erred in its denial of his request to remove his court-appointed attorney. We affirm.

On June 1, 1982, appellant moved to have his attorney removed from the case on the basis that they argued with each other a great deal. The trial court denied the request.

In appellant's first trial, defense counsel stated during opening argument that appellant stabbed the victim but was extremely intoxicated, and the sole question was whether he had the mental state necessary for commission of the crime. During the trial, he cross-examined two police officers as to their observations of appellant's intoxicated condition. He also questioned the victim about appellant's intoxication and whether the appellant showed emotion when he suddenly stabbed the victim. The appellant did not take the stand.

In closing argument, defense counsel argued that the state had not proved that appellant actually intended to cause physical injury and that the state had failed to prove intent. The jury was unable to reach a verdict and the trial court declared a mistrial. Subsequently, appellant indicated to the court that he felt his lawyer was a "miracle worker" in view of the hung jury. The trial judge seemed to agree that the result was remarkable.

Upon retrial on September 14, 1982, a new deputy county attorney assumed charge of the prosecution and moved to preclude defense psychiatrists from testifying about the effects of appellant's voluntary intoxication. The state elected to proceed only upon "knowingly" and "recklessly" committing aggravated assault and moved to preclude any evidence of intoxication. The trial court granted the motion after strong argument. Defense counsel reserved his opening statement.

The victim testified that he was at the blood donor center on South Fourth Avenue in Tucson on August 31, 1981, when he saw appellant lying on the sidewalk with his pants down to his knees. The victim went inside the center and five or six people went outside and awakened appellant. There is some question in the testimony as to whether they assisted him into a car parked nearby or whether he went there on his own. Appellant got out of the car and approached the victim and asked, "Um, are you with them?," to which he replied, "Naw." Appellant then stabbed him once in the right breast with a knife. The victim then went inside the donor center followed soon thereafter by appellant, and waited until police arrived. The victim was attended by doctors, nurses and paramedics, and appellant was kept away from him. The victim later was hospitalized for a collapsed lung. Officer Shoun testified that after he arrived at the blood center, he and Officer Harris searched appellant and Harris found a steak knife in his rear pants pocket.

Defense counsel did not cross-examine either witness. Both sides rested and defense counsel presented no closing argument. The jury found appellant guilty as charged. The prosecutor asked for a continuance and a new jury for proving the prior convictions because the paperwork he had at that time was insufficient for proving the prior convictions. This request was successfully opposed by defense counsel.

■ Counsel for appellant contends that the trial court erroneously precluded evidence of appellant's voluntary intoxication, arguing that this would be a proper defense to "knowingly" committing aggravated assault. A.R.S. § 13–503, as amended effective April 23, 1980, provides:

"Effect of intoxication; consideration by jury.

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, but when the actual existence of the culpable *mental state of intentionally or with the intent to* is a necessary element to constitute any particular species or degree of offense, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the culpable mental state with which he committed the act." (Emphasis added)

This statute has been interpreted to preclude evidence supporting a voluntary intoxication defense where the mental state has been alleged to be "knowingly." *State v. Ramos,* 133 Ariz. 4, 648 P.2d 119 (1982); *State v. DeRosier,* 133 Ariz. 154, 650 P.2d 456 (1982). Thus, defense counsel's planned strategy was altered on the eve of trial with the approach utilized by the new prosecutor. Defense counsel made the most of a difficult situation. Untainted identification was clearly established by the victim and other witnesses. The knife was without question connected to appellant as it was bloody and taken from him at the scene.

Appellant also asserts that his trial counsel assistance was ineffective because the attorney (1) did not participate in the trial, (2) did not challenge the allegedly suggestive identification of appellant near the crime scene, (3) did not have a meaningful relationship with appellant and (4) had a conflict of interest in the case which prevented him from representing appellant effectively. We disagree.

■ Appellant is entitled to minimally competent assistance of counsel. *State v. Watson,* 134 Ariz. 1, 653 P.2d 351 (1982). Appellant has the burden to rebut the presumption that counsel was effective; he must demonstrate that he was prejudiced by counsel's assistance. *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir.1978); see *State v. Harding,* 137 Ariz. 278, 670 P.2d 383 (1983). The record shows that appellant was first tried with a hung jury resulting. Apparently appellant agreed that counsel's efforts were remarkable based on the first trial results, calling counsel a "miracle worker." On retrial, however, appellant's only defense to the charge of aggravated assault, the defense of intoxication, was eliminated by the prosecution on the day of trial when it successfully moved to change the knowledge requirement of the crime from specific intent to a knowing and reckless standard. This change occurred despite defense counsel's vigorous opposition. After he lost this defense, counsel attempted to revive a rejected plea agreement in an effort to avoid a jury trial. This too was unsuccessful. During the trial, counsel made no opening or closing argument and presented no witnesses on appellant's behalf. He did, however, successfully exclude evidence of appellant's prior convictions which the state had planned to use for enhancing punishment.

■ "Determination of the effectiveness of counsel cannot be divorced from the factual situation with which he is confronted." *United States v. Katz,* 425 F.2d 928 (2nd Cir.1970). The facts against appellant were substantial and convincing. Counsel had nothing left to work with defensively when the intoxication defense was lost. Silence may have been a better strategy then calling the jury's attention to defendant's lack of defense. In any event, counsel was not obligated to raise frivolous arguments or motions, *State v. Streett,* 11 Ariz.App. 211, 463 P.2d 106 (1969); see *State v. Martinez,* 19 Ariz.App. 417, 508 P.2d 82 (1973), cert. den. 414 U.S. 1027, 94 S.Ct. 456, 38 L.Ed.2d 320, and doing so may have harmed counsel's and defendant's credibility when meritorious matters were raised. None of the acts or omissions by counsel which are cited by appellant in support of his ineffective assistance of counsel appeal resulted in prejudice to appellant. Appellant provides little or no support in the record for his contentions and we will not reverse or find ineffective counsel absent solid foundation in the record.

See *State v. Stanley*, 123 Ariz. 95, 597 P.2d 998 (App.1979).

Affirmed.

BIRDSALL, C.J., concurs.

HOWARD, Judge, dissenting.

The trial on the merits was a sham. Defense counsel did absolutely nothing but sit there. True, he had the rug pulled out from under him. But, contrary to what is suggested by the majority opinion, it was not all right just because there was no defense to the charge. Minimal standards of competence in such a situation require the defense attorney to insure that the state proves its case beyond a reasonable doubt by competent evidence.

Appellant is entitled to active participation in the trial by his counsel. The very least his lawyer should have done here was to address the jury in closing argument, remind the jury of the state's burden of proof and the right of his client to make the state bear that burden of proof in a trial. I would reverse.