NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARCUS BEGAY, *Petitioner*.

No. 1 CA-CR 18-0683 PRPC
FILED 1-22-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2008-009270-001 DT
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Marcus Begay, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

**W I N T H R O P**, Judge:

¶1        Marcus Begay timely petitions this court for review of the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  *See* Ariz. R. Crim. P. 32.9(c); Ariz. Rev. Stat. § 13-4239(C).  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Begay pled guilty to one count of kidnapping, a class two felony, and two counts of attempted sexual assault, each a class three felony.  The superior court sentenced Begay to the slightly aggravated term of eight years' imprisonment for the kidnapping offense, to be followed by lifetime probation with sex offender terms for the attempted sexual assault offenses.

¶3        Begay completed his prison term, and his probation period commenced in 2016.  Approximately ten months later, the probation department filed a petition to revoke his probation, alleging that Begay failed to pay probation service fees, failed to participate in or attend sex offender treatment, and consumed or possessed alcohol.

¶4        Before the probation violation hearing, the superior court granted appointed counsel's motion for a competency evaluation of Begay and ordered a second evaluation on its own motion.  On each occasion, mental health experts evaluated Begay.  Although Begay was uncooperative, angry, and highly resistant to the evaluation process, the experts all found him "competent to stand trial."  Based upon these findings, the court proceeded to the hearing.

¶5        At the probation violation hearing, Begay's probation officer and surveillance officer testified as to each of his probation violations.  These witnesses specifically testified that, on at least two occasions, Begay showed signs of alcohol consumption and intoxication in violation of his probation.  The court found that the State proved three of four alleged probation violations.  The court advised the parties that it was considering imposing an aggravated sentence and, per Begay's counsel's request, set disposition for a later date.

¶6        At the disposition hearing, Begay's counsel attempted to provide the superior court with mitigation, but Begay refused to speak with counsel or provide a statement on his own behalf.  The court found that at least three aggravating factors applied, and, as to one count, revoked Begay's probation and sentenced him to an aggravated term of eight years'

imprisonment. For the remaining count, the court reinstated Begay to lifetime probation with sex offender terms, to run consecutively to his term of imprisonment.

**¶7** Begay filed a timely petition for post-conviction relief. The superior court summarily denied Begay's petition, and he now seeks review.

**¶8** On review, Begay asserts a claim of ineffective assistance of counsel during his probation violation and disposition hearings. Begay argues counsel failed to familiarize himself with the facts and circumstances of the case, allowed the superior court to rely on inaccurate facts, and failed to object to the court's use of aggravating factors in imposing Begay's sentence. Begay further contends that the court refused to review his petition for post-conviction relief.

**¶9** Whether to grant or deny post-conviction relief pursuant to Rule 32 is within the superior court's discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). We will not reverse the court's decision absent an abuse of discretion. *Id.*

**¶10** Though not entitled to a "full-blown trial," a defendant facing revocation of his probation has the right to counsel. *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). To prevail on a claim of ineffective assistance of such counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996); *State v. Nash*, 143 Ariz. 392, 397 (1985). A defendant has only met this burden "when it is shown that the proceedings were a farce or a sham." *State v. Martinez*, 19 Ariz. App. 417, 418 (1973) (citing *State v. Kruchten*, 101 Ariz. 186, 197 (1966)). Counsel's strategic decisions, even if unsuccessful, do not amount to ineffective assistance of counsel without a showing of prejudice. *See State v. Valdez*, 160 Ariz. 9, 14-15 (1989), *departed from on other grounds by Krone v. Hotham*, 181 Ariz. 364, 366-67 (1995). The superior court need not grant relief based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399 (1985).

**¶11** Begay fails to meet this standard. First, Begay provides no supporting facts, legal authority, or citations to the record to demonstrate ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.9(c)(4)(B) (requiring the petition for review to contain specific citations to the record,

material facts, and, if possible, supporting legal authority). Second, the record does not show that counsel's performance fell below objectively reasonable standards or that his performance caused prejudice. *See Strickland*, 466 U.S. at 687-88. Throughout the probation proceedings, Begay was combative with both counsel and the court.[1] Without cooperation from Begay, counsel attempted to show Begay did not commit the alleged probation violations and argued for leniency. Moreover, given the nature of the charges and Begay's conduct during the proceedings, counsel's performance did not negatively impact the court's ultimate disposition of Begay's probation.

¶12 Begay's contention that the superior court refused to review his petition for post-conviction relief similarly fails. Again, Begay provides no supporting facts or citations to the record to establish this claim. *See* Ariz. R. Crim. P. 32.9(c)(4)(B). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005) (citation omitted). Therefore, the superior court did not abuse its discretion in denying Begay's petition for post-conviction relief.

¶13 Lastly, although Begay argued the superior court imposed an illegal sentence in his petition for post-conviction relief, he failed to directly raise the issue on review. A petition for review may not present issues or arguments through mere incorporation by reference. *See* Ariz. R. Crim. P. 32.9(c)(4)(B). Accordingly, we decline to address any claims not directly presented in the petition for review. *See State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12 (App. 2010).

¶14 For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] At the probation violation and disposition hearings, the superior court denied Begay's oral motions to withdraw counsel. In denying the motions, the court noted that Begay refused to communicate with counsel and was "deliberately engaging in serious and obstructionist misconduct."