NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS FORREST BOLTON, *Petitioner*.

No. 1 CA-CR 18-0621 PRPC
FILED 3-26-2019

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201300942
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

Thomas Forrest Bolton, Kingman
*Petitioner*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1 Thomas Bolton petitions for review from the denial of his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. Having considered the petition, we grant review but deny relief.

## BACKGROUND

¶2 Following a jury trial, Bolton was convicted of one count of sexual assault (victim A.F.), one count of kidnapping (victim A.F.), and two counts of selling or furnishing spirituous liquor to underage persons (victims A.F. and J.B.). The jury also found two aggravating factors, and the superior court sentenced Bolton to an aggregate term of 14 years' imprisonment.

¶3 As part of his *Anders* appeal, Bolton filed a pro per supplemental brief, arguing (1) he was improperly forced to wear a restraining device during trial; (2) the State failed to disclose that a key witness had received favorable treatment in exchange for his testimony; (3) DNA evidence should have been precluded due to improper collection, testing, and chain of custody; (4) emotional harm is an inherent element of sexual assault and the superior court could not use it as an aggravating factor; and (5) his former attorney improperly failed to oppose preclusion of A.F.'s prior sexual conduct and present a witness Bolton requested. *State v. Bolton*, 1 CA-CR 15-0432, 2016 WL 6081752, at *1, ¶ 2 (Ariz. App. Oct. 18, 2016) (mem. decision). We vacated one of the counts of furnishing spirituous liquor to a minor as to A.F., which the State conceded lacked sufficient evidence, but affirmed the other convictions. *Id.* at *2, ¶ 9. Although we resolved Bolton's first four claims, finding they lacked merit, we concluded his fifth argument amounted to a claim of ineffective assistance of counsel, reviewable in a Rule 32 proceeding only. *Id.* at *2–3, ¶¶ 10–18.

¶4 Bolton then timely filed a PCR. Proceeding pro per, he asserted that both trial and appellate counsel were ineffective, the prosecutor engaged in misconduct, and the superior court committed numerous trial errors. The court denied the PCR, and this petition for review followed.

## DISCUSSION

¶5 Absent an abuse of discretion or error of law, we will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Bolton bears the burden of showing the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶6 Rule 32.2(a) precludes relief for a defendant on any ground "(1) still raisable on direct appeal . . . or in a post-trial motion . . . (2) finally adjudicated on the merits in an appeal or in any previous collateral proceeding; or (3) waived at trial, on appeal, or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a). However, a Rule 32 proceeding provides the sole vehicle to raise claims of ineffective assistance of counsel. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007). Bolton's other claims that were, or should have been, raised in a direct appeal, are therefore precluded.[1]

¶7 We accordingly limit our review to Bolton's argument that his trial counsel was ineffective for failing to: (1) present a third-party culpability defense that A.F.'s boyfriend, J.B., sexually assaulted her; (2) challenge the victims' credibility; (3) object to the admission of A.F.'s testimony regarding prior sexual abuse; (4) request suppression of evidence seized pursuant to a search warrant; (5) oppose the preclusion of A.F.'s prior sexual history; and (6) present the testimony of a defense witness. We also review Bolton's contention that his appellate counsel was ineffective by failing to recuse himself based on his supervisory relationship to trial counsel and to raise any claims on direct appeal.

---

[1] Because Bolton contested both the State's use of a stun belt restraint and its procedures for collecting, testing, and maintaining evidence in his direct appeal, *supra* ¶ 3, the Rule precludes relief on those grounds. Similarly, Bolton's failure to raise issues of prosecutorial misconduct and trial court error in his direct appeal means the Rule also precludes him from obtaining relief on those grounds.

¶8          A defendant's ineffective assistance of trial counsel claim must satisfy the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Nash*, 143 Ariz. 392, 397 (1985). A colorable "actual ineffectiveness" claim shows both that counsel's performance failed to meet objectively reasonable standards and that this failure prejudiced the defense. *Id.* at 397–98. We begin with the "strong presumption" that counsel's actions "might be considered sound trial strategy." *Strickland*, 466 U.S. at 698 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "To overcome this presumption," a petitioner must show that "counsel's decisions were not tactical in nature, but instead were the result of 'ineptitude, inexperience or lack of preparation.'" *State v. Denz*, 232 Ariz. 441, 444, ¶ 7 (App. 2013) (citation omitted). If trial counsel's tactical decisions had a reasoned basis, simple disagreement over trial strategy does not suffice to establish the performance prong of *Strickland*. *Id.* To warrant reversal, a defendant must also show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," which, in this context, means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶9          First, Bolton contends that trial counsel was ineffective by failing to present a third-party defense that J.B., not Bolton, sexually assaulted A.F. To support this claim, Bolton cites numerous police reports he attached to his PCR that document physical altercations J.B. had with family members, A.F., and others. Each incident occurred *after* the events at issue in this trial. And none of the events described in the reports relate to sexual assault. In fact, one report indicates the incident was precipitated by J.B.'s rage that Bolton had sexually assaulted A.F. At any rate, the jury was aware of much of this information because J.B. acknowledged at trial that he had been convicted of aggravated assault and domestic violence and was receiving mental health treatment. Bolton's trial counsel also highlighted this fact during closing by inviting the jury to consider the possibility that J.B. was responsible for A.F.'s injuries. Given the limited relevance of these events, if any, it was a permissible tactical decision for trial counsel not to press the issue any further.

¶10          Second, Bolton argues that trial counsel was ineffective by failing to sufficiently challenge the credibility of J.B. and A.F. based on conflicting testimony. J.B. stated that Bolton gave him alcohol on the day of the assault, but A.F. said that Bolton's wife provided alcohol to both J.B. and herself. Bolton cites our prior decision vacating his misdemeanor as to A.F. as proof he establishes both prongs of *Strickland*. But we concluded there was sufficient evidence to support his other convictions, including the

misdemeanor as to J.B.  *Bolton*, 2016 WL 6081752, at *3, ¶ 18.  Moreover, although the superior court decided the misdemeanor offenses, the jury decided the kidnapping and sexual assault charges.  Furnishing the victim with alcohol is not an element of kidnapping or sexual assault.  Ariz. Rev. Stat. §§ 13-1304(A)(3) (kidnapping), -1406(A) (sexual assault).  Trial counsel was not obligated to focus on this issue because doing so might well have "harmed counsel's and defendant's credibility when meritorious matters were raised."  *See State v. Chee*, 140 Ariz. 171, 173 (App. 1984).  Lastly, outside this detail about who provided them with alcohol, J.B. and A.F. generally corroborated each other's narrative regarding the sexual assault.  On these facts, trial counsel's decision not to challenge the credibility of these witnesses further was a permissible strategic choice.

¶11            Third, Bolton contends that trial counsel was ineffective for failure to object to A.F.'s allegedly irrelevant and prejudicial trial testimony regarding her prior sexual abuse.  At trial, A.F. testified that her father was imprisoned for molesting her as a young child and explained that her experience in reporting the abuse to an investigating detective was "scary" and "very difficult."  When questioned later about her reluctance to report the sexual assault and cooperate with investigators, A.F. explained she "didn't want to feel like a victim again" or endure "the court process" because she had "already been through that."  Eventually, however, she relented and participated with the police investigation because she "didn't want this to happen to someone else." During the aggravation phase, A.F. testified about the emotional trauma she suffered from this incident, including nightmares and weight loss.

¶12            Counsel's decision not to object to this testimony is not a close question under *Strickland*.  The evidence was relevant to explain A.F.'s initial reluctance to submit to an intrusive physical examination or provide a full description of the alleged sexual assault to police.  Ariz. R. Evid. 401, 402.  Although an objection to A.F.'s testimony would not have been unreasonable, it was also well within trial counsel's tactical discretion not to do so.  Counsel had sensible reasons not to object to such emotional testimony, including to avoid drawing additional attention to A.F.'s sympathetic history or leaving any impression with the jury that Bolton's representative was badgering A.F. on a uniquely sensitive topic.  *See Denz*, 232 Ariz. at 445, ¶ 11 (stating that trial counsel's desire to avoid "unduly emphasiz[ing] aspects of a case" is a permissible strategic consideration).

¶13            Moreover, most of the testimony that Bolton's petition takes issue with concerned A.F.'s emotional harm and occurred during the aggravation phase.  Bolton attacks trial counsel's decision not to object to

this testimony as unreasonable because A.F.'s testimony, not based on scientific or medical knowledge, "provided the jury with an improper foundation upon which to evaluate emotional harm." A.F.'s testimony, though, is the kind typically sanctioned in the aggravation phase, *see State v. Coulter*, 236 Ariz. 270, 274, 276, ¶¶ 7, 16 (App. 2014) (describing "emotion" as "a state of feeling" and partially relying on witness testimony of her nightmares to uphold an emotional harm finding (citation omitted)), and counsel's decision not to object was not objectively unreasonable.

¶14　　　Fourth, Bolton argues his trial counsel was ineffective because he failed to move to suppress evidence seized from Bolton's home pursuant to a search warrant. Specifically, Bolton contends the warrant was not supported by probable cause because A.F. and J.B. made inconsistent statements, Bolton's wife claimed she was with him the entire evening at issue, and his stepdaughter stated she did not witness a sexual assault that night. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (defining probable cause to search as "a fair probability that contraband or evidence of a crime will be found in a particular place"). However, a reviewing court would not have suppressed the evidence unless officers' reliance on that warrant was objectively unreasonable. *United States v. Leon*, 468 U.S. 897, 922 (1984). Bolton contends that requirement is easily established here because other officers at trial testified that police initially thought there was no reason to search his residence because they did not expect to find evidence there. But what some officers believe at the beginning of a case has little relevance to whether later investigation reveals sufficient probable cause to support the issuance of a warrant or whether other officers acted in reasonable reliance on that warrant. By the time police obtained the warrant, both J.B. and A.F. had reported that J.B. walked into Bolton's bedroom and saw him sexually assaulting A.F. Based on this and other evidence, there was a "fair probability" that evidence of a crime could be found in Bolton's home, particularly for biological evidence on and around Bolton's bed.

¶15　　　Furthermore, Bolton acknowledges that, throughout trial, his counsel raised issues with some of the evidence obtained pursuant to the warrant and that, in other respects, the evidence was favorable to him "by reason of there being no DNA match found between A.F. and Petitioner from the items collected," a fact his trial counsel seized on during closing argument. We cannot say trial counsel's tactical decision not to file a debatable motion had no reasoned basis.

¶16　　　Fifth, citing an affidavit attached to his PCR, Bolton asserts trial counsel was ineffective by failing to call William Pistole as a defense witness. As reflected in the affidavit, Pistole avowed that A.F. (1) made the

sexual assault allegations only because J.B. forced her to do so and (2) recanted the allegations before trial. First, we note that Pistole's affidavit was notarized on September 1, 2017, more than two years after the trial in this case. Absent some evidence that trial counsel was aware of Pistole's claims before the jury rendered its verdict, this affidavit, alone, cannot support a finding of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made . . . to evaluate the conduct from counsel's perspective *at the time*.") (emphasis added). Second, the reports attached to Bolton's PCR indicate that J.B. and Pistole have a history of physical altercations. Even assuming trial counsel's timely knowledge of Pistole's avowals, given the reported antagonism between J.B. and Pistole, we cannot say that trial counsel's purported decision not to call Pistole as a witness was objectively unreasonable.

¶17 Sixth, Bolton argues trial counsel was ineffective by failing to oppose the preclusion of A.F.'s sexual history. Although Bolton's initial appointed trial counsel failed to challenge the State's motion to preclude A.F.'s sexual history, his second trial attorney filed a motion to reconsider. Thus, because the undisputed evidence reflects that trial counsel challenged the State's motion to preclude A.F.'s sexual history this argument also fails.

¶18 Seventh, Bolton contends his appellate counsel should have recused himself because he was trial counsel's supervisor. We agree with the superior court that Bolton has not established a colorable claim because he provides no factual basis to support his contention. *See* Ariz. R. Crim. P. 32.5(d) (requiring a defendant to attach to the petition "any affidavits, records, or other evidence currently available to the defendant supporting the petition's allegations").

¶19 Finally, noting that this court vacated one count of furnishing spirituous liquor to a minor, Bolton asserts appellate counsel was ineffective by filing an *Anders* appeal. Given our conclusion that there was insufficient evidence to sustain Bolton's misdemeanor conviction, *Bolton*, 2016 WL 6081752, at *2, ¶ 9, Bolton's argument might establish *Strickland*'s performance prong. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (stating that a defendant need only "show that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief"). Although we vacated that conviction, Bolton's argument ignores the fact we also concluded that his remaining convictions and sentences were supported by sufficient evidence and that the record did not disclose any nonfrivolous basis to challenge those convictions and resulting sentences. *Bolton*, 2016 WL 6081752, at *3, ¶ 18. Even if appellate counsel's

performance was deficient in this aspect, Bolton has sustained no continuing prejudice on the convictions and sentences he attacks in his petition, *see Smith*, 528 U.S. at 285 (stating that it is petitioner's burden to demonstrate prejudice by showing "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal"), and thus Bolton fails to establish a colorable claim of ineffective assistance of counsel.

## CONCLUSION

¶20        For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA