NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TERRANCE TRACY TONYAN, *Appellant.*

No. 1 CA-CR 14-0528
FILED 9-1-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-100076-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1 Terrance Tonyan appeals his conviction and sentence for one count of burglary in the third degree. After searching the entire record, Tonyan's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Tonyan was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do. After reviewing the record, we find no error. Accordingly, Tonyan's conviction and sentence are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2 Tonyan was charged with one count of burglary in the third degree arising out of events that occurred on January 1, 2013. At trial, the State presented the following evidence: On January 1, 2013, an officer with the Phoenix Police Department responded to a 9-1-1 call reporting a possible burglary in progress at a vacant commercial building in the area of 19th Avenue and Buckeye Road in Phoenix, Arizona. The caller, D.S., described the perpetrator as a skinny white male in his 40s or 50s wearing dark clothing.

¶3 Upon arrival, the officer used the spotlight on his patrol vehicle to illuminate the side of the building. He immediately observed a man matching the description he had been given exiting a broken window with a BMX-style bicycle. The man, later identified as Tonyan, looked at the officer, ignored his direction to turn around and place his hands on his head, and started to ride away.

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict, with all reasonable inferences resolved against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶4            After a short pursuit, Tonyan collided with another patrol vehicle and was taken into custody. The officer performed a search incident to arrest, locating several hex keys, a box cutter, a flashlight, and a link of chain. He also noted Tonyan was wearing a pair of leather work gloves.

¶5            Upon returning to the building, the responding officer found a backpack, a duffel bag, and a stack of metal secured with twine that appeared out of place. The backpack contained more pieces of metal secured with twine, a bicycle pump, a crowbar, a hammer, a file, several sets of pliers, other tools, and smaller metal objects. The duffel bag contained chains, more metal objects, and a set of gloves. The officer testified the tools could be used to take "scrap metal" from a building, which could then be sold to salvage yards and metal recyclers nearby for cash. A representative of the owner of the building identified some of the metal items as having been removed from inside.

¶6            After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), Tonyan denied entering the building, stating he was "just out for a nightly bike ride." However, just inside the window Tonyan had exited was a dusty desk upon which were footprints matching the shoes Tonyan was wearing at the time of his arrest and prints from a bicycle tire tread.

¶7            D.S. was subpoenaed to testify by the State but failed to appear for trial. The trial court found D.S. in contempt, and a warrant was issued for his arrest. Tonyan's counsel moved for a mistrial, arguing Tonyan was prejudiced by D.S.'s absence. Specifically, he argued defense counsel's credibility with the jury was impermissibly impaired because he referenced D.S.'s prior felony convictions in his opening statement — facts that were never ultimately admitted into evidence. The trial court denied the motion for mistrial, noting the jury was instructed that the opening statement was not evidence and if "parties want to talk about things that they in good faith believe will be evidence . . . they do so at their own risk, understanding that certain witnesses and otherwise may not ever appear."

¶8            Tonyan's counsel then moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, arguing the State failed to present substantial evidence a burglary was committed because there was no evidence connecting Tonyan to the bags outside of the vacant building. The motion was denied.

¶9            Tonyan testified in his own defense, admitting he was riding his bicycle past the vacant building on January 1, 2013. While there, he observed D.S., whom he had met on several prior occasions, and two other

men dragging bags out of the broken window. According to Tonyan, D.S. asked him to help move "some stuff" from the building to his home. Tonyan entered the window intending to assist D.S. in removing the items but ultimately decided not to participate. According to Tonyan, when he exited the window, the other men were gone; the police arrived shortly thereafter.

¶10 The jury found Tonyan guilty as charged. Tonyan admitted two prior felony convictions and was sentenced to the presumptive prison term of ten years. Tonyan timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶11 Tonyan's counsel asks the Court to consider two issues on appeal. First, he questions the sufficiency of the evidence to convict Tonyan of burglary. As relevant here, a person commits burglary in the third degree by "[e]ntering or remaining unlawfully in or on a nonresidential structure . . . with the intent to commit any theft or any felony therein." A.R.S. § 13-1506(A)(1). On review, we will find reversible error on the basis of insufficient evidence only where there is a complete absence of probative facts to support the conviction. *State v. Milton*, 85 Ariz. 69, 73 (1958) (citing *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)).

¶12 Having reviewed the entire record, we conclude reasonable evidence was presented to support the jury's verdict that Tonyan entered a nonresidential building with the intent to commit a theft. Indeed, Tonyan candidly admitted under oath during the course of his testimony he had entered a vacant commercial building with the intent to remove property. The evidence is likewise sufficient to allow a reasonable jury to conclude Tonyan actually removed items from the building. Accordingly, we find no error on this basis.

¶13 Second, Tonyan's counsel suggests the trial court erred in denying the motion for mistrial based upon the inability to procure D.S.'s attendance. We review the denial of a motion for mistrial for an abuse of discretion. *State v. Miller*, 234 Ariz. 31, 40, ¶ 23 (2013) (citing *State v. Roque*, 213 Ariz. 193, 224, ¶ 131 (2006)). A mistrial should be granted "only if the

---

[2] Absent material revisions from the relevant date, we cite a statute's current version.

4

interests of justice will be thwarted otherwise." *Roque*, 213 Ariz. at 224, ¶ 131 (citing *State v. Moody*, 208 Ariz. 424, 456, ¶ 126 (2004)).

**¶14** Although Tonyan alleged D.S. was a "material" and "necessary" witness, the record does not identify any testimony Tonyan anticipated would be elicited from D.S. beyond his three prior felony convictions and apparent reporting of the burglary. However, D.S. was identified to the jury as the reporting party through other testimony. *See State v. Lacquey*, 117 Ariz. 231, 235 (1977) (affirming the denial of a motion for mistrial where testimony of witness who failed to appear at trial was cumulative). And D.S.'s prior convictions were only admissible to impeach his credibility; where D.S. did not testify, his credibility was not at stake, and his past criminal history was irrelevant and inadmissible. *See* Ariz. R. Evid. 609.

**¶15** Moreover, Tonyan's counsel's opening remarks regarding D.S. were brief and made with a good faith belief that the corresponding evidence would be admitted during the course of trial. The jury was instructed, prior to the opening statements, that "[w]hat is said in an opening is not evidence, nor is it argument." The failure to ultimately prove a non-testifying witness's prior convictions does not warrant a mistrial, particularly where the reference to the unproven facts was brief and the jury did not ask any questions about D.S. or otherwise comment on his absence. *See State v. Green*, 200 Ariz. 496, 501, ¶ 22 (2001) (considering the nature and extent of questions from the jury in determining whether certain information affected its decision); *State v. Bowie*, 119 Ariz. 336, 339-40 (1978) (affirming denial of a motion for mistrial where the prosecutor briefly referred to unproven prior bad acts in the opening statement and never again during trial). Under these circumstances, the trial court acted within its discretion in denying the motion for mistrial.

**¶16** Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Tonyan was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Tonyan was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence.

Additionally, the sentence imposed was within the statutory limits.[3]  *See* A.R.S. § 13-704(A).

## CONCLUSION

**¶17**        Tonyan's conviction and sentence are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Tonyan's representation in this appeal have ended.  Defense counsel need do no more than inform Tonyan of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶18**        Tonyan has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.19(a).  Upon the Court's own motion, we grant Tonyan thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3]        The trial court issued an order *nunc pro tunc* in June 2015 awarding Tonyan 567 days of presentence incarceration credit, properly reflecting the time served between the date of arrest, January 1, 2013, and the date of sentencing, July 22, 2014.