NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NICHOLAS CODY COWAN, *Appellant*.

No. 1 CA-CR 25-0139

FILED 02-17-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-158788-001
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Laila Ikram
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

**¶1**      Nicholas Cowan appeals his aggravated assault convictions and sentences.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**      We view the facts in the light most favorable to upholding the jury's verdict.  *State v. Reaves*, 252 Ariz. 553, 558, ¶ 2 (App. 2022).

**¶3**      On December 16, 2023, inmate Nicholas Cowan attacked Detention Officer Augusty at the Fourth Avenue Jail.  Officer Augusty blacked out from the attack, spent three days in the hospital, and sustained two brain blood clots, and shoulder and neck pain resulting from his injuries.  He attended eighteen physical therapy sessions for his pain.

**¶4**      A grand jury indicted Cowan on two counts of aggravated assault.  During voir dire, the court and counsel reviewed the prospective jurors' questionnaire responses, in which some of them said they had difficulty understanding the English language.  The court considered striking these jurors for hardship.  Cowan objected on grounds that "it's the County's responsibility to provide use of an interpreter so that that [sic] person can participate in the jury selection."  Nevertheless, the court struck six jurors for hardship due to their difficulty understanding English.

**¶5**      Prior to trial, the State noticed eight of Cowan's fourteen prior felony convictions but moved to admit only three of them for impeachment purposes: possession of drug paraphernalia ("2010 prior"), aggravated driving under the influence ("2006 prior"), and possession with intent to distribute heroin ("2017 prior").

**¶6**      Cowan objected to their admission as prejudicial and cumulative but acknowledged the State could use the prior convictions "under 609."  He argued the State should only be permitted to introduce one or two convictions.  The court overruled Cowan's objection and issued a minute entry finding that the convictions' "probative value outweigh[ed]

the prejudicial effect." It also informed Cowan of his right to testify, but if he did, the State could use his three prior convictions to impeach him. Cowan testified and the State asked him about the three sanitized convictions during cross-examination. During final jury instructions, the court instructed the jury to only consider the convictions in weighing Cowan's credibility.

¶7 The jury convicted Cowan on both counts of aggravated assault, and sentenced him to concurrent terms of 20 years' and 12 years' imprisonment.

¶8 Cowan timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 12-120.21(A)(1) and 13-4033(A)(1).

## DISCUSSION

¶9 Cowan argues the superior court abused its discretion and violated his right to a fair trial by admitting all three prior felony convictions and violated his right to a fair trial and impartial jury by striking prospective jurors with limited English proficiency.

I. **The superior court did not err in admitting three of Cowan's prior convictions.**

A. **Cowan preserved his objection to the admission of his prior convictions on appeal.**

¶10 Cowan claims he objected to the State's request to admit his prior convictions. The State, however, contends Cowan did not preserve his argument on appeal, so we should review for fundamental error.

¶11 When a defendant objects at trial and preserves his issue for appeal, we review for harmless error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). But if he failed to object, we review only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). Fundamental error is established when a defendant shows "(1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id*. at 142, ¶ 21. And once a defendant shows error was fundamental under either prong one or two, the defendant "must also show the error prejudiced him." *State v. Thompson*, 252 Ariz. 279, 293, ¶ 46. "The defendant bears the burden of persuasion at each step." *Id.* (citing *Henderson*, 210 Ariz. at 567, ¶ 19). "Harmless error

review places the burden on the state to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *Henderson*, 210 Ariz. at 567, ¶ 18 (citation omitted).

**¶12**        "To preserve an argument for review, the defendant must make a sufficient argument to allow a trial court to rule on the issue." *State v. Kinney*, 225 Ariz. 550, 554, ¶ 7 (App. 2010). "[A]n objection on one ground does not preserve the issue [for appeal] on another ground." *State v. Lopez*, 217 Ariz. 433, 434, ¶ 4 (App. 2008).

**¶13**        Cowan objected to the use of three prior convictions as "prejudicial and cumulative" at trial. He conceded his prior convictions could be used for impeachment under Arizona Rule of Evidence ("Rule") 609 but argued the State should only "be entitled to one or two." Under Rule 403, the superior court must consider whether the probative value of proffered evidence outweighs its potential prejudicial effect. It may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence." Ariz. R. Evid. 403. Cowan specifically objected that introducing all three prior convictions was prejudicial and cumulative. Admitting that his prior convictions were admissible under Rule 609, and even stating that the State "should be entitled to [admit] one or two" of his prior convictions, did not waive his objection to the admission of all three on Rule 403 grounds. *See State v. Winegardner*, 243 Ariz. 482, 484, ¶ 6 (2018) (finding evidence that is admissible under Rule 609 can still be deemed inadmissible if it violates Rule 403). We will therefore review for harmless error.

### B.        The superior court did not abuse its discretion by admitting three of Cowan's prior convictions.

**¶14**        Cowan argues the superior court failed to "engage[] in the required Rule 403 balancing analysis." He claims Rule 403 barred the admission of his prior convictions, which provided minimal probative value because (1) two of the convictions were almost twenty years old, and therefore "contribute[d] little to assessing credibility in a current case," (2) the convictions were for drug-related offenses, "not crimes involving dishonesty or false statements," (3) the priors were not similar to the aggravated assault offenses he was charged with in the current case, and (4) the third conviction added no additional probative value to the first two.

**¶15**        We review the superior court's ruling on the admissibility of prior convictions for an abuse of discretion. *State v. Green*, 200 Ariz. 496,

498, ¶ 7 (2001).  The superior court has wide discretion to decide whether the probative value outweighs its prejudicial effect.  *State v. Dixon*, 126 Ariz. 613, 618 (1980); *see also State v. Williams*, 133 Ariz. 220, 230 (1982) ("The weighing and balancing under Rule 403 is within the discretion of the trial court and will not be disturbed on appeal unless clearly abused.").

**¶16**        When a defendant testifies in a criminal case, evidence of his prior convictions for crimes punishable "by imprisonment for more than one year" must be admitted if the probative value of the evidence outweighs its prejudicial effect.  Ariz. R. Evid. 609(a)(1)(B).  But "if more than 10 years have passed since the witness's conviction . . . [e]vidence of the conviction is only admissible if . . . its probative value substantially outweighs its prejudicial effect."  Ariz. R. Evid. 609(b); *see also Green*, 200 Ariz. at 498, ¶ 9 ("[As] convictions become older[,] they have increasingly less probative value on credibility.") (citation omitted).

**¶17**        "The court may exclude relevant evidence if its probative value is outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence."  Ariz. R. Evid. 403.  "[T]he preferred method for complying with Rule 609 is a specific on-the-record finding that the probative value of using a prior conviction for impeachment outweighs the danger of unfair prejudice."  *State v. Poland*, 144 Ariz. 388, 400 (1985).  But if the record clearly shows "that the probative value has been balanced against the prejudice, a specific finding need not be made."  *Id.*  In *Poland*, our supreme court found the superior court judge "balance[d] the probative value against the potential prejudicial effect," by stating, "I have spent a good deal of time reviewing this motion and the argument[] and the opposition to it.  I believe that, under the rules, that the use of that prior conviction can be used to impeach the [d]efendant if the [d]efendant elects to testify."  *Id.*

**¶18**        At trial, Cowan admitted the State could use one or two of his prior convictions.  But he never explained why admitting a third conviction was more cumulative or prejudicial than admitting the other two convictions, particularly because the court sanitized all three convictions.  And because only one of his convictions was less than ten years old, Cowan necessarily conceded the State could admit at least one of the convictions that was more than ten years old.

**¶19**        Although the superior court here did not explicitly state on the record that it was conducting a Rule 403 balancing test, it expressly stated in its minute entry that "the probative value [of the prior convictions] outweigh[ed] the prejudicial effect" because "the nature of the offense [was

to be] precluded." And although Cowan's 2006 and 2010 convictions were over ten years old, the court considered that fact and stated, "although the [c]ourt notes that these . . . convictions are older than ten years from the date of today's date . . . [t]he [c]ourt finds that the State is entitled to impeach on those bases for purposes of credibility only."

¶20 The State presented only the date and case numbers of Cowan's prior convictions to the jury. And the court instructed the jury that it could only consider Cowan's prior convictions as "evidence . . . [that] may affect Defendant's credibility." It further instructed the jury that it must "not consider a prior conviction as evidence of guilt of a crime for which the defendant is now on trial." Moreover, the jury heard trial testimony that Cowan attacked a detention officer while Cowan was in jail which necessarily meant the jury was already aware he was in jail for some sort of violation and undercuts his unfair prejudice argument. The court did not abuse its discretion in admitting the three prior convictions.

II. **The superior court did not err in striking prospective jurors for hardship when they indicated they had limited English proficiency.**

   A. **We review Cowan's argument that the superior court violated his right to a fair trial and impartial jury for fundamental error.**

¶21 Cowan next argues the court violated his right to a fair trial and impartial jury by striking prospective jurors who indicated they had limited English proficiency. He further contends the error was "structural because it corrupted the jury selection process itself." "We review unobjected-to rulings for fundamental error." *Thompson*, 252 Ariz. at 293, ¶ 46; *see also Henderson*, 210 Ariz. at 567, ¶ 19.

¶22 Cowan did not argue at trial that striking non-English speaking prospective jurors violated his Sixth Amendment right to a fair-cross section of the community. His counsel merely stated, "Judge, just my standard objection to this issue . . . I do believe it's the County's responsibility to provide use of an interpreter so that that [sic] person can participate in the jury selection." This single sentence, even if it did raise a Sixth Amendment argument, did not sufficiently develop it to preserve it on appeal. *See State v. Kinney*, 225 Ariz. 550, 554, ¶ 7 (App. 2010). Accordingly, he waived this argument, and we review for fundamental, prejudicial error. *Escalante*, 245 Ariz. at 140, ¶ 12; *see also State v. Garza*, 216 Ariz. 56, 63, ¶ 20 (2007) (reviewing for fundamental error because the defendant "raised no objections at trial to the voir dire process").

**B. The superior court did not violate Cowan's right to a fair trial and impartial jury when it struck prospective jurors for limited English proficiency.**

¶23 Cowan argues the court's failure to provide interpreters for the jurors who had difficulty understanding English violated his right to a fair and impartial jury. In support of his argument, he points to other jurisdictions, like New Mexico, which provide interpreters to non-English speaking jurors.

¶24 We review constitutional challenges de novo. *State v. Guevara-Enriquez*, __ Ariz. ___, 576 P.3d 122, 127, ¶ 13 (App. 2025). But without any constitutional violation, the superior court has broad discretion to dismiss jurors. *State v. Morris*, 215 Ariz. 324, 334, ¶ 42 (2007). The United States Constitution provides defendants a right to a fair and impartial jury. U.S. Const. Amend. 6.

¶25 "Mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge." *State v. Lee,* 114 Ariz. 101, 103, (1976). To show that the jury did not represent a fair cross-section of the community, a defendant must show:

> (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*State v. Morris*, 215 Ariz. 324, 334, ¶ 40 (2007) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

¶26 Our supreme court has held "[n]on-English speakers are not a distinctive group for Sixth Amendment purposes." *State v. Cota*, 229 Ariz. 136, 143, ¶ 15 (2012) (citations omitted). It further held that "[i]t would be an undue burden upon the State court system to have to translate for non-English speaking or reading jurors." *Id.* at ¶ 16. Further, the court is permitted by statute to temporarily excuse a prospective juror if the juror "is not currently capable of understanding the English language." A.R.S. § 21-202(B)(3). Because non-English speakers are not a "distinctive group," Cowan cannot show that the superior court's dismissal of non-English speakers violated his constitutional right under the *Duren* test. We discern no error, let alone fundamental error.

**¶27**        But even assuming fundamental error, Cowan has shown no prejudice.  Although a defendant has the right to a fair and impartial jury, "he is not entitled to be tried by any particular jury."  *State v. Atwood*, 171 Ariz. 576, 624 (1992).  Accordingly, a defendant is prejudiced only if "the jurors who actually served were not fair and impartial."  *Morris*, 215 Ariz. at 335, ¶ 43.  Cowan has not alleged — much less established — that the jurors who served in his trial were not fair and impartial.  He has therefore not met his burden of proving fundamental, prejudicial error.

## CONCLUSION

**¶28**        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR